**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
(WACO DIVISION)**

| | |
|---|---|
| **EIGHTH STREET SOLUTIONS LLC,** § § § | |
| **Plaintiff,** § § | **C.A. No. 6:21-cv-00239** |
| v. § § | **JURY TRIAL DEMANDED** |
| **AVAST PLC** § **and** § **AVAST SOFTWARE S.R.O.** § § | |
| **Defendants.** § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Eight Street Solutions LLC ("ESS" or "Plaintiff") files this Original Complaint against Defendants Avast Plc and Avast Software s.r.o. (collectively, "Avast" or "Defendant") for infringement of U.S. Patent Nos. 7,664,924 ("'924 patent") (**Exhibit A**); 9,600,661 ("'661 patent") (**Exhibit B**); and 10,503,418 ("'418 patent") (**Exhibit C**), (collectively, "the patents-in-suit").

**THE PARTIES**

1. Plaintiff is a Texas limited liability company with its principal place of business located at 312 W 8th Street, Dallas, TX 75208.

2. Upon information and belief, Avast Plc is a public limited company incorporated and domiciled in the UK and registered under the laws of England and Wales under company number 07118170 with its registered address at 110 High Holborn, London WC1V 6JS. Upon information and belief, Avast Software s.r.o. is a Czech company located at Pikrtova 1737/1a, 140 00 Prague 4, Czech Republic.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c). Avast is comprised of foreign entities that may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

6. On information and belief, Avast is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

7. This Court has personal jurisdiction over Avast, directly or through intermediaries, including its wholly-owned subsidiary, Avast Software, Inc., a Delaware corporation, because it has committed acts within Texas giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Avast would not offend traditional notions of fair play and substantial justice.

8. Upon information and belief, Avast controls Avast Software, Inc., a Delaware corporation. That subsidiary gives Avast substantially the business advantages that it would have enjoyed if it conducted its business through its own offices or paid agents in the state.

9. Avast has placed and continues to place infringing security related software into the stream of commerce via an established distribution channel with the knowledge and/or intent

that those products were sold and continue to be sold in the United States and Texas, including in this District. For example, Avast reported sales of $358.9 million USD in the United States for the fiscal year of 2109. Avast annual report 2019.

10. On information and belief, Avast has significant ties to, and presence in, the State of Texas and the Western District of Texas, making venue in this judicial district both proper and convenient for this action.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 7,664,924)

11. Plaintiff incorporates paragraphs 1 through 10 herein by reference.

12. ESS is the assignee of the '924 patent, entitled "System and method to secure a computer system by selective control of write access to a data storage medium," with ownership of all substantial rights in the '924 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

13. The '924 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '924 patent issued from U.S. Patent Application No. 11/858,752.

14. The '924 patent is directed to patent eligible subject matter under 35 U.S.C. § 101. The specification of the '924 patent discloses shortcomings in the prior art and then explains, in detail, the technical way the inventions claimed in the '924 patent resolve or overcome those shortcomings. *See, e.g.*, '924 patent at 1:17-42; *generally* Detailed Description of the Preferred Embodiments.

PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT
INFRINGEMENT                                                                                                    3

15. Avast has and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the '924 patent in this judicial District and elsewhere in Texas and the United States.

16. Avast is one of the largest security companies in the world using next-gen technologies to fight cyberattacks in real time. Avast has an immense cloud-based machine learning engine that receives a constant stream of data from its hundreds of millions of users, which facilitates learning at unprecedented speeds. Avast develops and sells security software, such as antivirus software and anti-ransomware software, to protect against cyberattacks. to secure endpoints (laptops, servers and mobile devices) and networks against evolving cyberattack techniques.

17. Avast directly infringes the '924 patent via 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing that security software that incorporates the fundamental technologies covered by one or more claims of the '924 patent, or by having its controlled subsidiaries do the same. Examples of how Avast's software infringes claim 1 of the '924 patent are shown in **Exhibit D**.

18. At a minimum, Avast has known of the '924 patent and of its infringement of the same at least as early as the filing date of the complaint.

19. Upon information and belief, since at least the above-mentioned date when Avast was on notice of its infringement, Avast has actively induced, under U.S.C. § 271(b), consumers that purchase its security software that includes or performs all of the limitations of one or more claims of the '924 patent to directly infringe one or more claims of the '924 patent by using the software. Since at least the notice provided on the above-mentioned date, Avast does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of

the '924 patent. Upon information and belief, Avast intends to cause, and has taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of the software, creating established distribution channels for the software into and within the United States, selling the software in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for software to purchasers and prospective buyers, and/or providing technical support, software fixes, or services for these products to these purchasers in the United States. *See. e.g.*, Avast's support webpage: https://support.avast.com/en-us/.

20. ESS has been damaged as a result of Avast's infringing conduct described in this Count. Avast is, thus, liable to ESS in an amount that adequately compensates ESS for Avast's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **COUNT II**

(INFRINGEMENT OF U.S. PATENT NO. 9,600,661)

21. Plaintiff incorporates paragraphs 1 through 20 herein by reference.

22. ESS is the assignee of the '661 patent, entitled "System and method to secure a computer system by selective control of write access to a data storage medium," with ownership of all substantial rights in the '661 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

23. The '661 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '661 patent issued from U.S. Patent Application No. 11/292,910.

24. The '661 patent is directed to patent eligible subject matter under 35 U.S.C. § 101. The specification of the '661 patent discloses shortcomings in the prior art and then explains, in detail, the technical way the inventions claimed in the '661 patent resolve or overcome those shortcomings. *See, e.g.*, '661 patent at 1:9-32; *generally* Detailed Description of the Preferred Embodiments.

25. Avast has and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the '661 patent in this judicial District and elsewhere in Texas and the United States.

26. Avast is one of the largest security companies in the world using next-gen technologies to fight cyberattacks in real time. Avast has an immense cloud-based machine learning engine that receives a constant stream of data from its hundreds of millions of users, which facilitates learning at unprecedented speeds. Avast develops and sells security software, such as antivirus software and anti-ransomware software, to protect against cyberattacks. to secure endpoints (laptops, servers and mobile devices) and networks against evolving cyberattack techniques.

27. Avast directly infringes the '661 patent via 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing that security software that incorporates the fundamental technologies covered by one or more claims of the '661 patent, or by having its controlled subsidiaries do the same. Examples of how Avast's software infringes claim 16 of the '661 patent are shown in **Exhibit E**.

28. At a minimum, Avast has known of the '661 patent and of its infringement of the same at least as early as the filing date of the complaint.

29. Upon information and belief, since at least the above-mentioned date when Avast was on notice of its infringement, Avast has actively induced, under U.S.C. § 271(b), consumers that purchase its security software that includes or performs all of the limitations of one or more claims of the '661 patent to directly infringe one or more claims of the '661 patent by using the software. Since at least the notice provided on the above-mentioned date, Avast does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '661 patent. Upon information and belief, Avast intends to cause, and has taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of the software, creating established distribution channels for the software into and within the United States, selling the software in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for software to purchasers and prospective buyers, and/or providing technical support, software fixes, or services for these products to these purchasers in the United States. *See. e.g.*, Avast's support webpage: https://support.avast.com/en-us/.

30. ESS has been damaged as a result of Avast's infringing conduct described in this Count. Avast is, thus, liable to ESS in an amount that adequately compensates ESS for Avast's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

(INFRINGEMENT OF U.S. PATENT NO. 10,503,418)

31. Plaintiff incorporates paragraphs 1 through 30 herein by reference.

32. ESS is the assignee of the '418 patent, entitled "System and method to secure a computer system by selective control of write access to a data storage medium," with ownership

of all substantial rights in the '418 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

33. The '418 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '418 patent issued from U.S. Patent Application No. 15/421,984.

34. The '418 patent is directed to patent eligible subject matter under 35 U.S.C. § 101. The specification of the '418 patent discloses shortcomings in the prior art and then explains, in detail, the technical way the inventions claimed in the '418 patent resolve or overcome those shortcomings. *See, e.g.*, '418 patent at 1:29-49; *generally* Detailed Description.

35. Avast has and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the '418 patent in this judicial District and elsewhere in Texas and the United States.

36. Avast is one of the largest security companies in the world using next-gen technologies to fight cyberattacks in real time. Avast has an immense cloud-based machine learning engine that receives a constant stream of data from its hundreds of millions of users, which facilitates learning at unprecedented speeds. Avast develops and sells security software, such as antivirus software and anti-ransomware software, to protect against cyberattacks. to secure endpoints (laptops, servers and mobile devices) and networks against evolving cyberattack techniques.

37. Avast directly infringes the '418 patent via 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing that security software that incorporates the fundamental technologies covered by one or more claims of the '418 patent, or by having its controlled

subsidiaries do the same. Examples of how Avast's software infringes claim 29 of the '418 patent are shown in **Exhibit F**.

38. At a minimum, Avast has known of the '418 patent and of its infringement of the same at least as early as the filing date of the complaint.

39. Upon information and belief, since at least the above-mentioned date when Avast was on notice of its infringement, Avast has actively induced, under U.S.C. § 271(b), consumers that purchase its security software that includes or performs all of the limitations of one or more claims of the '418 patent to directly infringe one or more claims of the '418 patent by using the software. Since at least the notice provided on the above-mentioned date, Avast does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '418 patent. Upon information and belief, Avast intends to cause, and has taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of the software, creating established distribution channels for the software into and within the United States, selling the software in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for software to purchasers and prospective buyers, and/or providing technical support, software fixes, or services for these products to these purchasers in the United States. *See. e.g.*, Avast's support webpage: https://support.avast.com/en-us/.

40. ESS has been damaged as a result of Avast's infringing conduct described in this Count. Avast is, thus, liable to ESS in an amount that adequately compensates ESS for Avast's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**CONCLUSION**

41.     Plaintiff is entitled to recover from Avast the damages sustained by Plaintiff as a result of Avast's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

42.     Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute may give rise to an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

**JURY DEMAND**

43.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

44.     Plaintiff respectfully requests that the Court find in its favor and against Avast, and that the Court grant Plaintiff the following relief:

a. A judgment that Avast has infringed the patents-in-suit as alleged herein, directly and/or indirectly by way of inducing infringement of such patents;

b. A judgment for an accounting of all damages sustained by Plaintiff as a result of the acts of infringement by Avast;

c. A judgment and order requiring Avast to pay Plaintiff damages under 35 U.S.C. § 284, including up to treble damages as provided by 35 U.S.C. § 284, and any royalties determined to be appropriate;

d. A judgment and order requiring Avast to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

e.  A judgment and order finding this to be an exceptional case and requiring Avast to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

f.  Such other and further relief as the Court deems just and equitable.

Dated: March 10, 2021

Respectfully submitted,

/s/ *Patrick J. Conroy*
Patrick J. Conroy
Texas Bar No. 24012448
T. William Kennedy Jr.
Texas Bar No. 24055771
Jonathan H. Rastegar
Texas Bar No. 24064043

**NELSON BUMGARDNER ALBRITTON**
3131 West 7th St. Ste 300
Fort Worth, TX 76107
Tel: 817.377.9111
pat@nbafirm.com
bill@nbafirm.com
jon@nbafirm.com

Attorneys for Plaintiff
**EIGHTH STREET SOLUTIONS LLC**